BOOKOUT, Judge,
dissenting:
Deputy Sheriff Brown saw a car parked in the parking lot of a tire store in Gunters-ville. The car matched the description given him over police radio of a car supposedly used in a robbery in Gadsden some six or seven hours earlier. After spotting the car, Deputy Brown turned his patrol car around and entered the parking lot. The two occupants of the suspected vehicle were outside the car when he drove up. One entered the tire store, and he did not see him again. Brown arrested the appellant for driving without a license (although the record does not show that the officer ever saw appellant driving). He handcuffed the appellant, placed him in the patrol car, and then searched the appellant’s vehicle without a warrant. Brown found a pistol under the driver’s seat of the appellant’s car.
Deputy Brown then had the appellant’s car taken to a fenced-in lot outside the sheriff’s office where it was again searched without a warrant, at which time the ring boxes were discovered in the trunk.
The trial court admitted the results of the first search into evidence on the ground that it was incident to “hot pursuit.” The fruits of the second search were admitted as being incident to a valid inventory search.
I fail to understand how the doctrine of “hot pursuit” can be used to justify a war-rantless search of a parked car discovered in another city several hours after the crime was committed. See: Warden v. Hayden, 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).
Likewise, I fail to see how the first search of the automobile could qualify under the “incident to a lawful arrest” exception to the warrant requirement. The appellant was handcuffed and inside the po *679 lice car when his vehicle was searched and was thus unable to reach for a weapon in his vehicle or destroy contraband. Ghimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969).
The gun seized was not in plain view; the appellant did not consent to the search; and a “stop and frisk” situation did not exist. If exigent circumstances existed because the appellant’s brother was possibly lurking in the vicinity, still probable cause must exist coincidentally with the exigent circumstances. Probable cause does not exist merely because the officer received his information over a radio rather than from the lips of someone. Police radio dispatches may supply probable cause when, on objection, evidence establishes the basis for the report’s believability. The facts of this case distinguish it from Crane v. State, 55 Ala. App. 619, 318 So.2d 315 (1975) wherein the evidence established that the arresting officer was given detailed and credible information by police radio dispatch which was derived from reliable sources.
In the instant case, the record does not show that a detailed description of the vehicle or its occupants was furnished to the officer. The record is completely silent as to what information was put out over the police radio. From the record, it would appear that none of the witnesses ever saw the robber outside of the jewelry store. None of them mentioned an automobile. The record does not disclose anything the officer relied upon other than a radio dispatch giving a description of a vehicle believed to have been used in a robbery.
The facts in the instant case are somewhat similar to those in Owens v. State, 51 Ala.App. 50, 282 So.2d 402, cert. denied 291 Ala. 794, 282 So.2d 417 (1973). There, a police officer stopped a vehicle on the basis of a police radio broadcast. The evidence at trial established that the only witness did not see a vehicle, but only gave a description of two suspects fleeing on foot. Another officer saw a vehicle come to a screeching halt and take on passengers who fit the description of the felons. He put out a radio bulletin of the description of the car, but not of the occupants. This court found that an officer in another town who made the arrest had only a radio broadcast describing the vehicle to go on. Quoting from Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), this court stated that the arresting officer “could rely on the radio broadcast, but the subsequent determination by any court as to probable cause must necessarily turn on all the circumstances giving rise to the radio dispatch. . . . ” The subsequent evidence in Owens which disclosed the factual basis for the radio dispatch did not support probable cause, and the resulting search was invalidated.
In Whiteley, supra, the United States Supreme Court stated:
“. . . Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the investigating officer to rely on fellow officers to make the arrest.”
The second search at the sheriff’s lot does not fall within the definition of a true inventory search as set out in South Dakota v. Opperman, 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The second search was obviously an investigative search rather than a routine “protective” inventory search. I therefore respectfully dissent.